## Case No. 7,473.

### JONES v. KINNEY et al.

[5 Ben. 259;[1] 4 N. B. R. 649.]

District Court, E. D. New York. June, 1871.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BENEDICT, District Judge. This action is brought by [Charles Jones] the assignee in bankruptcy of one William M. Rice, to recover of the firm of C. C. Wilson & Co., Frank Kinney and others, the value of certain personal property of Rice, the bankrupt, which has been disposed of by the defendants. As against the defendants C. C. Wilson & Co., the claim is that, with a knowledge of the insolvency of Rice, for the purpose of obtaining a preference, they received some $2,800 worth of goods, which were transferred to them by a warehouse receipt, for the value of which they thereby became liable to the plaintiff. As against Frank Kinney, the only other defendant who has here interposed a defence, the claim is, that, knowing the insolvency of Rice, he received, under general assignment to himself, all the remaining property of the bankrupt, in which assignment the defendants C. C. Wilson & Co. and others were made preferred creditors, whereby he became liable to the plaintiff for the value of all the property so transferred to him.

In regard to the claim against C. C. Wilson & Co., I do not think it can be sustained upon the ground taken by the plaintiff, that they became possessed of the property described in the warehouse receipt. As I understand the evidence, although the property referred to was at one time in their possession under the warehouse receipt, it was shortly afterwards surrendered by them to the general assignee, Kinney, and by him disposed of as assignee. C. C. Wilson & Co. are not, therefore, liable as transferrees of the warehouse receipt, but they are liable for the money which they received from Kinney as preferred creditors. This amount the evidence shows to have been $550, and for that sum the plaintiff is entitled to judgment against them.

In regard to the claim to hold Kinney, the general assignee, liable for the value of all the property which he originally received under the assignment, inasmuch as the evidence shows that he was not a creditor of the bankrupt, and that before objection made on the part of any creditor, although all the creditors but two were notified of the assignment, and before any proceedings in bankruptcy, he had distributed some of the property in specie or in proceeds to the preferred creditors, I am of the opinion that he is not chargeable with the value of any property which shall be shown to have been, in good faith, turned over to lawful creditors of the bankrupt, and is entitled to be credited with the payments to lawful creditors made by him in accordance with the terms of the assignment; but he is liable for the balance which shall appear to be in his hands upon a proper accounting with the assignee in bankruptcy, after deducting such payments. As against him, therefore, the decision will be for an accounting, and that the judgment be entered for the balance found due, after giving the credits allowed by this opinion, and saving all questions as to his disbursements and other expenses until the coming in of the master's report, before whom evidence in respect to the same may be given on either side.